ELIZABETH SUTHERLAND, &c. *v.* WASHINGTON THOMAS.

**Vendor and Purchaser—Rescission—Rents and Profits.**

After a conveyance had been ordered cancelled by the court, by reason of undue influence in the procurement thereof, the original vendor volun-tarily surrendered the use of the land to the vendee during the time of the litigation: Held, that he must be considered as acquiescing in the transaction, and cannot be allowed to claim rents, up to the time of bringing the action to rescind the deed.

APPEAL FROM SPENCER CIRCUIT COURT.

September 19, 1871.

OPINION OF THE COURT BY JUDGE PRYOR:

A careful examination of the testimony in this case leaves no doubt upon our minds that appellee executed to Mrs. Sutherland his bond agreeing to convey her one hundred and fifty acres of land for the mere purpose of securing her on account of the amount she had advanced in the redemption of the land from the execution purchase. We are also of opinion that appellee was induced to execute the deed to the eighty-nine acres in controversy, under which Mrs. Sutherland now claims title, through the influence of N. G. Thomas who was at the time acting as the agent of appellant. Appellee seems to be a weak, irresolute and feeble-minded man, able to transact ordinary business, but wholly incapable of resisting the influence and persuasions of persons of superior mind.

He was greatly embarrassed, was being pressed by an impertinent creditor, and had succeeded in negotiating with Russell a favorable sale which, under the circumstances, it was important to him should be consummated. A portion of the land sold to Russell was embraced in the trust described in his title bond to Mrs. Sutherland. This incumbrance it was necessary that he should remove, in order to perfect the title he was about to convey to the purchaser. In his attempt to do this he came in contact with N. G. Thomas, agent for appellant, a man of superior sagasity and of great determination, and the result was that appellee was induced to make the conveyance to Mrs. Sutherland against his protestations and whilst he was resisting that the deed was being extorted in violation of the agreement originally made with her when his land was redeemed.

By this deed, Mrs. Sutherland obtained title to twenty-four acres more than she had ever claimed. The land conveyed was worth more than double the amount she had advanced for appellee, and under the circumstances it would be unconscientious to permit her to retain such an advantage. The circuit court properly cancelled the conveyance. But we are of opinion said court erred in the adoption of the basis upon which the claim for rents and interest were adjusted.

After the execution of the deed, and when it may be assumed that appellee had so far extricated himself from his financial difficulties as to become a free agent, he voluntarily surrendered the premises to his vendee, and for several years without question

so far as appears from the record permitted her to hold and enjoy them as her own.

During this period he must be regarded as acquiescing in the transaction, and cannot be allowed to claim rents. The interest on the purchase money must be set off against the rents.

This rule however does not hold good after the service of process in this suit. From that day forward Mrs. Sutherland held, with full notice of appellee's repudiation of the deed under which she claimed.

And from that date she should be charged with rents, and allowed interest on the amount of the consideration set out in the deed. And for the security of such balance of this consideration with accrued interest as may remain unsatisfied after deducting rents she holds a lien upon the land.

For the correction of the error indicated the judgment is reversed and the cause remanded.

*Bullock & Davis*, for appellant.
*Rodman, Harcourt*, for appellee.